09-3058-ag
Singh v. Holder

BIA
Abrams, IJ
A093 394 054

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of August, two thousand ten.

PRESENT:
>       DENNIS JACOBS,
>               *Chief Judge,*
>       JON O. NEWMAN,
>       JOSÉ A. CABRANES,
>               *Circuit Judges.*

_____

HARJIT SINGH,
>       *Petitioner,*

>       v.                                      09-3058-ag
>                                               NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:         Genet Getachew, Brooklyn, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Aviva L. Poczter, Trial Attorney, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Harjit Singh, a native and citizen of India, seeks review of the July 10, 2009, order of the BIA affirming the April 23, 2008, decision of Immigration Judge ("IJ")Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harjit Singh*, No. A093 394 054 (B.I.A. July 10, 2009), *aff'g* No. A093 394 054 (Immig. Ct. N.Y. City April 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. See *Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir. 2007). The applicable standards of review are well-established. See 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The IJ found that the petitioner had not established the timeliness of his asylum application and therefore pretermitted the asylum claim. However, the IJ also considered the merits of the asylum claim and rejected it. Without considering the

timeliness issue, the BIA agreed with the IJ that Singh failed to establish his eligibility for asylum, withholding of removal, and CAT relief based solely on his failure to sufficiently corroborate his otherwise credible testimony. See 8 U.S.C. § 1158(b)(1)(B)(ii); see also *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 563 (2d Cir. 2006) (holding that "[a]n applicant may be required to provide any reasonably available documentation to corroborate the elements of her claim, or explain why such documentation is unavailable, and the [agency] may rely on the failure to do so in finding that the applicant has not met her burden of proof").  In doing so, it affirmed the IJ's finding that none of the documents in the record indicated that Singh had ever been arrested, detained, or beaten by the Indian police.  However, as Singh contends, neither the IJ's nor the BIA's decisions indicate that they considered an affidavit from Parkash Kaur, the Sarpanch of Pandori Lubana village, stating that Singh was arrested twice in 2003, and that the police "tortured him during the time he was in custody." While we generally "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," see *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006), the agency's evident failure to consider documentary evidence in the record

-3-

constitutes reversible error, see *Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006); see also *Yan Chen v. Gonzales*, 417 F.3d 268, 272-73 (2d Cir. 2005). In this case, we cannot presume that the agency considered the Kaur affidavit in view of the IJ's explicit statement that "[w]e do not have any documents that indicate that [petitioner] had in fact been beaten at any point in time." Because we cannot predict with confidence that the BIA would reach the same conclusion, *i.e.*, that Singh failed to adequately corroborate his claim, if it considered the Kaur affidavit describing his arrest and torture, remand to the BIA is appropriate. *Cf. Mamadou Aliou Diallo v. U.S. Dep't of Justice*, 548 F.3d 232, 235 (2d Cir. 2008).

For the foregoing reasons, the petition for review is GRANTED and the proceedings REMANDED to the BIA for further consideration consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-4-